Hall, Judge.
 

 In the case of
 
 Dolby
 
 v.
 
 Jones et al (ante.
 
 109,) one question was, whether (lie surety for an appeal from a judgment of a Justice of the Peace to the County Court was liable for the judgment of the Superior Court, pronounced against his principal, after an appeal to the Superior Court. A second question was, whether upon such judgment the surety was liable for the costs of his principal. The first question was decided in the aflir-mati\e. The other was not decided at that time, but was examined and decided at the succeeding term in the negative. It appeared to the Court then, that the question never had been settled, and that the practice in the State had not been uniform. In some instances all the costs had been inserted in the bill of costs, and execution
 
 *492
 
 issued for them under the act of 1783.
 
 {Rev.
 
 c. 189.) Iri other instances two executions had issued, the one against the Plaintiff, and the other against the Defendant fwr ^le costs due by each. The question was then taken up. upon the construction proper to be given to the act of
 
 177Y {Rev. c.
 
 115,) which gives an appeal from the County to the Superior Court. The 75th section of that art grants an appeal from every judgment, sentence or decree pronounced by the County Court; but directs, that the appellant shall previously thereto enter into bond with two sufficient sureties, for prosecuting the same with effect, and for performing the judgment, sentence or decree, which the Superior Court shall pass or make thereon, in case the appellant shall have the cause 'decided against him. The appeal bond is given for the security of the appellee; & when he succeeds in the Superior Court, judgment is given for hi (h. And part of that judgment is, that he shall recover
 
 his costs
 
 from the appellant. But there is no judgment gi v en, that the appellant shall pay his own costs. The sureties for the appeal are only liable for the judgment pronounced against the appellant, and are not further bound. Of course, they are not hound in the present case for the appellant’s costs, no judgment of the Superior Court having been given for them. Theappel-lant is liable for his own costs. He is made liable by the same act of Assembly. But he is not liable by virtue of ¡he appeal bond, which he has given.
 

 Per Curiam. — Let the judgment below be reversed, and judgment entered for the Defendants.